# EXHIBIT F



**BOSTON COLLEGE**
OFFICE OF THE VICE PRESIDENT FOR STUDENT AFFAIRS

July 24, 2019



Personal & Confidential

<u>SENT VIA ELECTRONIC MAIL TO</u> ████████████

Re: Disposition of Appeal

Dear ████████:

I am writing to you in my capacity as the Appeals Officer for your June 27, 2019 appeal from the June 18, 2019 decision finding you responsible for violating the Boston College Student Sexual Assault Policy.  For the reasons explained below, I find that you have not stated a valid ground for appeal.

### THE PERMITTED GROUNDS FOR AN APPEAL

Section 5.6 of the student conduct procedures (the "Student Conduct System") provides that "[a]ppeals will be accepted solely on one or both of the following grounds:

1. Violation of Procedure – An appeal will be accepted if the student demonstrates that the University committed a material procedural error that was likely to adversely affect the result of the conduct adjudication. Minor or inconsequential deviations from procedure do not give rise to an appeal right.

2. Previously Unavailable Information – An appeal will be accepted in circumstances where the student is able to provide relevant testimony or other evidence that (i) was unavailable to the student submitting the appeal at the time of the adjudication process and (ii) would have likely affected the finding."

### ANALYSIS OF THE APPEAL

## I.    Claims of Procedural Error

Your letter of appeal argues that the finding of responsibility resulted from a number of procedural errors, which I will address in turn, following the letter/number scheme you use for the headings in your letter.

### A.   Notice of the allegations against you

Your appeal asserts that BC failed to fairly notify you of the allegations against you. Specifically, you assert that the letter formally notifying you of the allegations said, in relevant part, that you allegedly "engaged in non-consensual sexual contact [with ███████ … without her consent while ████████ was incapacitated"; it was your understanding that "the investigation was focused on whether or not [████████ was incapacitated"; based on that understanding, you "approached [your] two investigatory interviews with the objective of disputing [████████] claims that she was incapacitated and thus, unable to consent to sexual activity"; it was found that you neither knew nor had reason to know she was incapacitated; but it nevertheless was found that you engaged in sexual activity without ████████ affirmative consent regardless of her incapacitation.

This argument does not state a valid basis for appeal. The crux of the allegation was that you engaged in sexual activity with ████████ without her consent, thereby committing "sexual assault" in violation of Section III of the Sexual Misconduct Policy. That section of the Policy requires that consent be "communicated through mutually understandable words or actions," and that the person making that communication must not be incapable of giving consent, whether as a result of intoxication or otherwise. Plainly you were on notice that the issue under investigation was whether you engaged in sexual activity with ████████ without her having communicated consent to that activity. While the notice letter clearly identified incapacitation as one possible basis for finding a lack of consent, it did not say that was the only possible basis for such a finding: the letter noted that you allegedly engaged in sexual contact "without her consent *while* ████████ was incapacitated" (emphasis added), not that you engaged in sexual contact "without her consent *because* ████████ was incapacitated." The finding against you thus was entirely within the scope of the notice letter – i.e., a finding of sexual assault in violation of Section III of the Sexual Misconduct Policy.

Moreover, even assuming for the sake of argument that there was a procedural error in not notifying you more clearly that incapacitation was one issue, but not the only issue, the investigators would be considering in determining whether you engaged in sexual conduct without ████████ consent, your appeal letter offers no basis on which to conclude that this alleged error was likely to have affected the outcome of your case. Your letter does not say that if you had understood the question of consent was under review more broadly, beyond the issue of incapacitation, there is some different or additional evidence you would have offered to the investigators. Nor is it plausible that would be the case. On the incapacitation issue alone, you had every reason to give the investigators a complete account of your interaction with ███, including any evidence that she communicated consent to the sexual activity at issue by words or actions. Anything that she did or said to communicate consent would have tended to support your case on the issue of incapacitation as well, as it would have tended to indicate that she was aware of what was going on and able to communicate an affirmative desire for the activity to occur. Because there is no reason to believe that the alleged lack of notice caused you to withhold any evidence of consent, your argument presents no basis for appeal for this reason as well.

**B.   The investigation was not completed within 60 days**

Your appeal asserts that BC's policy "allows" investigators "60 days" in which "to complete an investigation," and claims procedural error because the investigation in this case took longer than that.

That is incorrect. The Sexual Misconduct Policy provides that "[t]he University will *endeavor* to complete [not that it is *required* to complete] the investigation within 60 *working* days [not 60 calendar days] of the investigation's commencement," and that "*this timeframe may be extended to ensure the integrity and completeness of the investigation*" (emphases added). Thus, there was no procedural violation by virtue of the fact that the investigation in this case took longer than 60 days.

Moreover, your appeal fails to demonstrate how concluding the investigation in 60 days (or 60 working days) likely would have changed the outcome. The argument fails to state a basis for appeal for this reason as well.

**C.   Application of the preponderance of evidence standard**

Your appeal letter claims that the investigators "utilized an incorrect application of the Preponderance of Evidence standard" because the Sexual Misconduct Policy "incorrectly defines Preponderance of the Evidence as 'more convincing than the information in opposition to it." You contend that "*[t]he proper standard is whether the alleged events were more likely than not to have occurred*, not whether one version presented is more convincing than the other version" (emphasis supplied).

Here, too, you have misstated, and not completely stated, the relevant Policy language. The Policy provides:

> The investigator's findings as to the responsibility of the respondent will be made using the preponderance of the evidence standard. This standard requires that the information supporting a finding of responsibility be more convincing than the information in opposition to it. Under this standard, *determinations of responsibility are based upon what is more likely than not to have occurred*.

Simply put, BC's Policy employs a standard no different from the one you claim is "proper."

Moreover, even assuming for the sake of argument there is some difference between BC's definition of "preponderance of the evidence" and the one you espouse, that is no basis for a claim of procedural error. The fact-finders in this case applied BC's Policy, as they were required to do. It would have been a procedural error for them to do otherwise.

In addition – again assuming for the sake of argument that there is some difference between BC's definition and yours – your appeal letter fails to demonstrate how the application of your definition would have led to a different outcome. This section of your

letter argues that the investigators reached the wrong result because – in your view – they did not make "appropriate assessments of credibility," failed to "consider[] all of the evidence presented by every party and witness," and failed to recognize that ███████ "narrative is unreliable." These are not arguments about procedural error. Rather, they are arguments about the substance or "correctness" of the investigators' decision, which are not a proper basis for appeal. Relative to procedural error, the question is simply whether there was some failure properly to follow BC's procedures, which was so material that it likely affected the outcome. The investigator's judgements with respect to whether a witness is credible, whether a narrative is "reliable," what weight (if any) to give certain evidence, what inferences should be drawn from the evidence, and the like, are all judgments to be made by the investigators – not objective procedural requirements, the departure from which could form the basis of an appeal.

### D.    Whether you were tasked with proving your innocence

Your appeal letter argues that the investigators, rather than presuming you to be "not responsible" unless proven otherwise, improperly "shifted the burden of proof in this case" such that you bore the burden of proving your innocence.

Your appeal letter offers no evidence that in fact the investigators presumed you to be "responsible" unless proven otherwise, much less that they found you responsible because you failed to offer evidence sufficient to overcome such a presumption. To the contrary, the report makes no mention of any such presumption, nor does it remotely suggest that the investigators employed one in reaching their decision. To the contrary, the report demonstrates that the investigators carefully considered the evidence, in painstaking detail, and based their decision on a straightforward assessment of what evidence they found to be credible (and not) and the inferences they drew from that evidence. Your disagreement with their assessments is merely that – not evidence that the investigators presumed you to be responsible unless proven otherwise and that they based their decision on such a presumption. Thus, this argument provides no basis for an appeal.

### E.    Application of the Policy's definition of consent

Your appeal letter contends that the investigators "failed to meaningfully apply the Policy's definition that consent is the clear and voluntary agreement to engage in particular sexual activity, communicated through mutually understandable words or actions." You argue that in order to determinate whether consent was communicated, "all of the 'words and actions' that occurred before penetration must be considered," and that the investigators – in your view – did not do this because ███████ "own words in text messages after the fact confirmed … that she did not tell me 'No.'"

This argument betrays a fundamental misunderstanding of consent, as it is defined in BC's Policy. Consent requires an affirmative communication of a desire to engage in the specific sexual contact. The fact that ███████ did not say "No," is not enough. What matters is whether she said "Yes," through words or conduct.

Your letter goes on to argue, at some length, about the conclusions you believe should have been drawn from various evidence, including what was or wasn't said about you wearing a condom, the significance or not of the type of underwear that ▮▮▮▮▮ was wearing and whether it was "moved to the side," and so on – all points that the investigators addressed in painstaking detail. These are not arguments about procedural error.  Rather, they are arguments about how the investigators weighed the evidence, and the inferences they drew from the evidence, which are not proper subjects of appeal.

### F.    The thoroughness, integrity, and completeness of the investigation

Your appeal letter contends that the investigation was not thorough, it lacked integrity, and was incomplete because – in your view – the investigators "refus[ed] to examine [▮▮▮▮▮▮▮▮▮▮ narrative in the same manner they examined what [you] said"; they "took a critical eye to much of what [you and your witnesses] offered"; they failed to "question" or "probe" "a number of critical inconsistencies and omissions" by ▮▮▮▮▮; and "refused to review all the relevant evidence."  You contend that these alleged failures "show that this was not a fact-driven endeavor but a result-based report."

These are not arguments about procedural error.  Rather, they reflect your disagreement with how the investigators weighed the evidence, and the inferences they drew from the evidence, which are not proper subjects of appeal.

### G.    The opportunity to review evidence

Your appeal letter notes that pursuant to the Sexual Misconduct Policy, all parties will have "the opportunity to review and respond to available evidence."  You contend that the Policy was violated, and you were denied your "fundamental right to a fair and impartial process," because you were not permitted to review "the Complainant's statements, any documentary evidence gathered, or a description of the allegations against [you] prior to appearing for two interviews."

This argument presents no basis for appeal because there was no procedural error, nor any denial of a "fair and impartial process."  Neither BC policy nor "fundamental fairness" requires that all of the "evidence against you" be presented to you in advance, before you are interviewed. Rather, what is required is that you have an opportunity to review the evidence and respond to it before the matter is decided.  It is undisputed that happened here.

The argument also fails because your letter fails to articulate how seeing the evidence earlier than you did would have changed the outcome.  You make no argument on this point, much less a persuasive one.

### H.    The lack of a hearing

Your appeal letter complains that "BC's Policy deprived [you] of a full hearing" including the "right" to cross-examine witnesses and the "right" to confront and question your accuser.  There is no procedural error on that score, as no such rights exist for students at BC, either as a matter of BC Policy or otherwise as a matter of law.

Your letter also complains that "BC's Policy deprived [you] of a meaningful opportunity to be heard." That is not the case. BC's Policy afforded you ample opportunity to respond to the allegations against you, and the record makes clear you took full advantage of that opportunity.

Your letter also complains that the investigators were not "independent," because they "act as both judge and jury" and have a "conflict of interest" by virtue of their roles as an employee of BC and a regular investigator of cases involving allegations of student and workplace misconduct. These are not arguments about procedural error. They are arguments that BC should have different procedures than it does, and entirely unsupported, and illogical, arguments about the supposed motives and biases of the investigators. As such, they provide no basis for an appeal.

## I.    Confidentiality

Your appeal letter contends that ███████ made disclosures which violated your "right to confidentiality and privacy" with respect to the investigation, and that the College's failure to take any action in response "illustrates the College's clear bias" against you and "predetermination of [your] guilt."

This argument fails to state a basis for appeal. It is not an argument about procedural error. Rather, it is an argument about bias, which in any event has no logical basis. The decision-makers in your case were the investigators. You make no allegation, much less offer any evidence, that the investigators were aware that ███████ allegedly violated your rights to privacy and decided to do nothing about it. Nor do you otherwise offer any evidence to support the allegation that "the College" was biased against you and presumed you to be guilty.

## II.    The Claim of New Information

Your appeal letter says that after the issuance of the June 18, 2019 Resolution Letter, one of the witnesses in the case "confided to [you] that he had heard unambiguous signs of consensual sex from his location in the common area of the suite at the time of the relevant sexual activity." Your letter goes on to suggest that this witness "should be interviewed as to what he heard."

As noted above, an appeal on the basis of new evidence will be accepted only if that evidence "(i) was unavailable to the student submitting the appeal at the time of the adjudication process and (ii) would have likely affected the finding." Neither part of that test is satisfied here. The witness who "confided" to you what he heard in the common area was interviewed by the investigators, who received detailed information from him about his observations while he was in the common area during the sexual activity at issue. Whatever information he now claims to have obviously was "available" when he was interviewed. Nor have you demonstrated how this "new" evidence likely would have affected the finding. You've offered no statement from this witness or other account of what it is he heard, much less how it amounted to "unambiguous signs of consensual sex." Indeed, if what he now claims to have heard was so "unambiguous," it defies logic that he would not have shared that information with the investigators during his interview.

## CONCLUSION

For the foregoing reasons, I have determined that you have not stated any valid ground for appeal.  As a result, the University will take no further action in relation to the findings and sanction in this matter.

Sincerely,

Joy Moore
Vice President for Student Affairs