UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br>   Plaintiff<br> v.<br>TRUSTEES OF BOSTON COLLEGE,<br>   Defendant | Civil Action No:  1:19-cv-11626-DPW |

**DEFENDANT'S PROPOSAL FOR BRINGING THE CASE TO FINAL JUDGMENT**

Pursuant to the Court's December 13, 2019 and December 24, 2019 Orders, the defendant Trustees of Boston College ("BC") submits its "proposals for bringing the case to final judgment," including its proposals with respect to "certifying the question of the requirements of Massachusetts fair process in connection with [BC's] sexual abuse disciplinary procedures." Dkt. # 62.

Simply put, BC proposes that the Court proceed to rule on BC's pending Motion to Dismiss, including BC's argument that the Amended Complaint fails to state a claim for any violation of "basic fairness" or "fair process," and that the Court do so without certifying any question to the Supreme Judicial Court. No proper basis for certifying any such question exists, for the reasons discussed below. BC, of course, contends that its Motion to Dismiss should be allowed in its entirety. In the event the Court determines that one or more claims survive BC's Motion, then the parties should proceed to discovery, summary judgment, and – if necessary – a trial on the merits, all in the ordinary course.

**THERE IS NO BASIS FOR CERTIFYING ANY QUESTION OF "FAIR PROCESS"**

Certification to the Supreme Judicial Court is permitted only with respect to questions of Massachusetts law "which may be determinative of the cause then pending in the certifying

1

court" *and* as to which there is "no controlling precedent" in the decisions of the SJC.  SJC Rule 1:03, § 1.  Doe's "basic fairness" claims present no such question.  They are governed by controlling precedent in decisions of the SJC.  Moreover, the controlling nature of those decisions for cases such as this one has been recognized and further explicated in multiple decisions of the First Circuit Court of Appeals.  Thus, both the SJC's certification rule and controlling decisions of the First Circuit preclude this Court from certifying any question of "basic fairness" to the SJC.

    **A.**    **Controlling Precedent Dictates What "Basic Fairness" Requires for Student Disciplinary Procedures at Private Institutions in Massachusetts.**

It is well-settled by decisions of the SJC and the First Circuit that in administering student discipline, a private university in Massachusetts must comply with its stated procedures as it would reasonably expect a student to understand them, and that those procedures must afford the student "basic fairness."  *Doe v. Trs. of Bos. Coll.*, Dkt. # 55, slip op. at 11-12 (1st Cir. Nov. 20, 2019) (citing *Schaer v. Brandeis Univ.*, 432 Mass. 474, 482 (2000); *Cloud v. Trs. of Bos. Univ.*, 720 F.2d 721, 724-25 (1st Cir. 1983); *see also Walker v. Pres. & Fellows of Harvard Coll.*, 840 F.3d 57, 61 (1st Cir. 2016) (quoting *Schaer*, 432 Mass. at 478); *Coveney v. Pres. & Trs. of Coll. of Holy Cross*, 388 Mass. 16, 22 (1983).

"Basic" or "fundamental" fairness means notice of the allegations against the student, a meaningful opportunity to respond, and an outcome that is not arbitrary and capricious.  *Cloud*, 720 F.2d at 724-25; *Schaer*, 432 Mass. at 478; *Coveney*, 388 Mass. at 19; *Driscoll v. Trs. of Milton Acad.*, 70 Mass. App. Ct. 285, 295 (2007); *see also Doe v. Trs. of Bos. Coll.*, 892 F.3d 67, 83 (1st Cir. 2018).  The First Circuit, citing controlling Massachusetts precedent, has made clear that so long as those minimal requirements are satisfied, basic fairness does not require a

university to afford a student any process that is different from or in addition to those that are outlined in the university's stated procedures. The Court noted that where, as at BC, a university's student conduct procedures contain an explicit promise of "fundamental fairness," any implied promise of "basic fairness" … becomes superfluous and the court's [determination whether] the disciplinary proceedings were 'conducted with basic fairness' … focuses on assuring compliance with the express contractual promise" – i.e., whether the university substantially complied with its stated policies." Dkt. # 55, slip op. at 15 n.6 (quoting *Doe v. Trs. of Bos. Coll.*, 892 F.3d at 88).

Accordingly, under settled precedent in the SJC and the First Circuit, a university's obligation to provide "basic" or "fundamental" fairness is satisfied as long as the university complies with its procedures and those procedures afford the student notice of the charges and an opportunity to present a defense – giving no regard to arguments that different or additional procedures were needed to afford "basic fairness." *Doe v. Trs. of Bos. Coll.*, 892 F.3d at 80-82, 82-83, 88-89 (rejecting arguments that the dean's office should have conducted a "threshold investigation," the university police should have conducted an investigation, the hearing panel should have received "investigatory training," and a hearing schedule should have been handled differently – because these were arguments for procedures different from those the university adopted).

The First Circuit also made clear in this case, specifically in the context of determining what "basic fairness" does and does not require, that "a private university need not comply with federal due process," Dkt. # 55, slip op. at 13, and that courts must "respect the deference Massachusetts law requires as to the choices of student discipline proceedings made by private

academic institutions." *Id.* at 16 (citing *Schaer*, 735 N.E.2d at 381; *Coveney*, 445 N.E.2d at 139).

### B. Each of Doe's "Fairness" Claims is Governed by this Controlling Precedent.

Doe's breach of contract claims interweave arguments that BC failed to abide by its stated procedures and that those procedures failed to afford Doe "basic fairness," all of which fail for the reasons stated in BC's Memorandum Supporting its Motion to Dismiss. The Court contemplates certification with respect to the legal question of what "fair" process requires, not (understandably) the factual question of BC's compliance with its procedures. Each of Doe's "fairness" claims is governed by the controlling precedent discussed above. In brief, and as further discussed in the Memorandum supporting BC's Motion to Dismiss:

Doe's claim that "fairness" required an opportunity to cross-examine the complainant and other witnesses obviously is precluded by the First Circuit's decision in this case, citing controlling Massachusetts precedent. Dkt. #55, slip op. at 13-15.[1]

Doe's claim that he received inadequate notice of the charge against him, Am. Compl. ¶¶ 270-72, which this Court already has deemed "silly," Dkt. # 46, at 54, is either a claim that BC failed to follow its own requirements, which is a purely factual issue, or a meritless claim that

---

[1] It is not clear from the Court's procedural orders whether the Court contemplates certifying to the SJC the question whether basic fairness requires an opportunity for some form of real-time cross-examination. Doing so would violate the law of the case doctrine, which "provides that when a court of appeals makes a ruling of law, whether on appeal of a final judgment or in an interlocutory appeal, that ruling becomes the law of the case in any subsequent proceedings in the trial court." *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 72 F.3d 190, 197-98 (1st Cir. 1995) (citing *Elias v. Ford Motor Co.*, 734 F.2d 463 (1st Cir. 1984)). "Such a ruling is '[a] mandate [that] is completely controlling as to all matters before the appellate court and disposed of by its decree.'" *Id.* at 198; *see also Municipality of San Juan v. Rullan*, 318 F.3d 26, 29 (1st Cir. 2003). "A district court when acting under an appellate court's mandate, 'cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.'" *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1510-11 (11th Cir. 1987) (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)). Certifying a question that a Court of Appeals already has decided in a case may be subject to a writ of mandamus from that Court. *See Indep. Nail & Packing Co. v. Perry*, 214 F.2d 670, 673 (7th Cir. 1954).

BC should have adopted different or additional notice provisions than its procedures called for. *See also Driscoll v. Bd. of Trs. of Milton Acad.*, 70 Mass. App. Ct. 285, 288 (2007) (approving of disciplinary process with far less notice protections than BC afforded); *Li v Trs. of Tufts Coll.*, No. 08-2802, 2009 WL 3508864 (Mass. Super. Apr. 16, 2009) (basic fairness does not require written notice of specific allegations), *aff'd*, 76 Mass. App. Ct. 1134 (2010) (affirming "for the reasons explained by the judge in her well-reasoned memorandum of decision," which are consistent with the principles of *Schaer* and *Berkowitz*), *review denied*, 457 Mass. 1107 (2010).

Doe's argument that he was unable to view the evidence contemporaneously as it was gathered, Am. Compl. ¶¶ 270-72, also is a meritless argument that BC should have adopted a new and different procedure from the one it chose. *See also Morris v. Brandeis Univ.*, 60 Mass. App. Ct. 1119, 804 N.E.2d 961 (2004) (university not required to provide accused with evidence that would be submitted to a decision-making board prior to the hearing).

Doe's argument that he was denied an "effective" appeal because he could not appeal on the basis that the investigators' decision was not supported by the evidence or was "unfair, unwise, or simply wrong," Am. Compl. ¶ 273, also is an argument that BC should have had a different policy than the one it adopted.

Doe's claim that BC's investigative model was unfair because it failed to "separate out the investigation and adjudication functions," Am. Compl. ¶¶ 283-91, is an argument that BC should have adopted different procedures, which fails on that basis alone, and which is contrary to Massachusetts case law rejecting claims that school administrators cannot play multiple roles in student disciplinary proceedings. *See Li*, 2009 WL 3508864 at *4 (*citing Berkowitz v. Pres. & Fellows of Harvard Coll.*, 58 Mass. App. Ct. 262, 271 (2003)).

### C. Certification is Improper Because Controlling Precedent Exists.

As the First Circuit has noted in this case, a federal court must "take state law as it finds it." Dkt. # 55, at 17. Consistent with that view, certification is not appropriate "when the course the state courts would take" with respect to the question at hand "is reasonably clear." *Bi–Rite Enterprises v. Bruce Miner Co.*, 757 F.2d 440, 443 n.3 (1st Cir. 1985). Indeed, the course is more than just "reasonably" clear in this case. As discussed above, controlling precedent in the SJC and the First Circuit makes abundantly clear what basic fairness requires – and what it does not – for student disciplinary procedures at private institutions in Massachusetts.

It is, of course, possible that the SJC or the Massachusetts legislature someday might "redefine" what basic fairness requires, as the First Circuit noted in this case. Dkt. # 55, at 18. But "redefining" Massachusetts law is not a proper basis for certification. Such "redefining" is an entirely different matter from "defining" it in the first place, in the absence of controlling precedent. Certification is proper only when no controlling precedent exists. SJC Rule 103, § 1. Certification is not a proper vehicle for inviting the SJC to "redefine" or otherwise to "change what appears to be present law." *Venezia v. Miller Brewing Co.*, 626 F.2d 188, 192 (1st Cir. 1980) (quoting *Cantwell v. Univ. of Mass.*, 551 F.2d 879, 880 (1st Cir. 1977)).

### D. Doe Cannot be Heard to Argue for Certification Now, After the First Circuit Has Ruled Against Him.

The fact that Doe failed to request certification earlier in this case "considerably weakens" any argument he may make for it now – after the First Circuit has ruled against him and reiterated the central principle that "basic fairness" does not require private universities in cases such as this one to adopt procedures different from or in addition to the policies they have chosen. *See Boston Car Co. v. Acura Auto. Div., Am. Honda Motor Co.*, 971 F.2d 811, 817 n.3

(1st Cir. 1992) (quoting *Fischer v. Bar Harbor Banking and Trust Co.*, 857 F.2d 4, 8 (1st Cir. 1988)). "The practice of requesting certification after an adverse judgment has been entered should be discouraged." *Id.* (quoting *Perkins v. Clark Equipment Co.*, 823 F.2d 207, 210 (8th Cir. 1987)). "[O]ne who chooses to litigate his state action in the federal forum (as plaintiff did here) must ordinarily accept the federal court's reasonable interpretation of extant state law rather than seeking extensions via the certification process." *Croteau v. Olin Corp.*, 884 F.2d 45, 46 (1st Cir. 1989) (citing *Venezia*, 626 F.2d at 192 n. 5).[2]

## Conclusion

The Court should proceed to render a decision on BC's pending Motion to Dismiss and decline to certify any question to the SJC.

TRUSTEES OF BOSTON COLLEGE,

/s/Elizabeth H. Kelly
Daryl J. Lapp (BBO No. 554980)
   daryl.lapp@lockelord.com
Elizabeth H. Kelly (BBO No. 672277)
   liz.kelly@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA  02199
617.230.0100

January 7, 2020

---

[2] The fact that this is not a diversity suit makes no difference in this regard. *See, e.g., Hall v. Greystar Mgmt. Servs., L.P.*, 637 F. App'x 93, 100 (4th Cir. 2016) (applying presumption against delayed request for certification of a supplemental state law issue filed along with a federal claim).

**Certificate of Service**

      I certify that on January 7, 2020, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

                                              /s/ Elizabeth H. Kelly
                                              Elizabeth H. Kelly

81832416v.7