UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, | : |
| | : |
| **Plaintiff,** | : |
| | : Civil Action No: 1:19-cv-11626-DPW |
| -against- | : |
| | : |
| TRUSTEES OF BOSTON COLLEGE, | : |
| | : |
| **Defendants.** | : |

**PLAINTIFF DOE'S RESPONSE TO COURT ORDER**

Pursuant to Supreme Judicial Court (S.J.C.) Rule 1:03, and in accordance with this Court's Order [ECF No. 62], Plaintiff proposes certification of the question that the First Circuit stated should be decided by state courts rather than federal courts: specifically, whether basic fairness, implied in the contract between a student and a college or university, requires an opportunity for parties in a college or university disciplinary process, to have their questions put to each other and witnesses in real time, even if only through a neutral person, particularly in matters that involve credibility determination, such as the Title IX investigatory setting. Additionally, Plaintiff proposes several options to bring the case to final judgment.

**I.      It is Within This Court's Discretion to
         Certify the Question to the Supreme Judicial Court**

S.J.C. Rule 1:03 provides that the S.J.C. can answer questions of state law, certified by a United States District Court, that may be determinative of pending causes of action. S.J.C. Rule 1:03. Federal courts may, at their discretion, certify questions of state law to the state's highest court for resolution. *In re Hundley*, 603 F.3d 95, 98 (1st Cir. 2010) (internal citations omitted).

1

Additionally, certification is proper where there is no controlling state-law precedent. *In re Engage, Inc.,* 544 F.3d 50, 52 (1st Cir. 2008). Here, there is no controlling precedent from the S.J.C. and the question may be determinative of pending causes of action for the reasons stated herein.

## II. The First Circuit Determined that this Decision Should be Addressed at the State, not the Federal, Level

The First Circuit stated that "no Massachusetts state decision has ever found the requirements the district court here imposed to be a necessary part of the basic fairness requirement," and further said that a federal district court should not "base its ruling on a prediction of future developments in Massachusetts contract law." *Doe v. Trustees of Bos. Coll.*, 942 F.3d 527, 534, 529 (1st Cir. 2019).

The question of what basic fairness requires under state contract law routinely arises in federal court cases concerning college sexual-misconduct misconduct discipline, because such claims are often brought alongside federal Title IX claims, with federal judges exercising supplemental jurisdiction. But since, according to the First Circuit, this district court (and presumably other district courts) should not base a ruling regarding "quasi cross-examination in real time" on a "prediction" of what Massachusetts law would require, then on that issue, the law of basic fairness is effectively frozen and cannot develop, unless plaintiffs forego federal court and bring their claims in state court.

The First Circuit effectively invited the Supreme Judicial Court to address the question, stating that "whether Massachusetts in the future will wish to redefine the requirements of contractual basic fairness in college and university discipline matters poses important policy choices for the Supreme Judicial Court and/or state legislature to make." 942 F.3d at 536.

### III. The Question Remains Unaddressed by the Supreme Judicial Court and May be Determinative of the Pending Causes of Action

The specific question of Massachusetts law at issue here, regarding whether basic fairness requires a real-time questioning opportunity in college disciplinary processes, is one that is vitally important to resolve, but has not been addressed by the Supreme Judicial Court.

The Department of Education's Office for Civil Rights proposed new regulations concerning Title IX (the "Proposed Regulations") that aim to correct many common unfair elements of college sexual assault disciplinary procedures, including many of the issues Plaintiff raises in this action – most notably, the absence of a hearing or cross-examination. Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 86 Fed. Reg. 61,462, 61,474-61,475 (proposed Nov. 28, 2019) (to be codified at 34 CFR pt. 106).

The Proposed Regulations prescribe that colleges and universities (which would encompass both private and public schools as each receive funding from the Federal Government) "must provide for a live hearing. At the hearing, the decision-maker must permit each party to ask the other party and any witnesses all relevant questions and follow-up questions, including those challenging credibility" and that "[s]uch cross-examination at a hearing must be conducted by the party's advisor of choice." *Id.* The manner of cross-examination utilized in this setting need not be the traditional form, "[a]t the request of either party, the recipient must provide for cross-examination to occur with the parties located in separate rooms with technology enabling the decision-maker and parties to simultaneously see and hear the party answering questions[,]" thus giving rise to cross-examination in real-time. *Id.* at 61,475. Furthermore, "[i]f a party or witness does not submit to cross-examination at the hearing, the decision-maker must not rely on any

statement of that party or witness in reaching a determination regarding responsibility." *Id.* The implementation of these regulations is believed to be imminent, as soon as February 2020.

This Court noted in its probability finding the unfairness of Boston College's (BC) failure to provide an opportunity for parties to have their questions put to each other in real time, in a case that centered on the core issue of credibility. Tr. of Hr'g 75:3-5, 8-11, ECF No. 46. The Court clarified that what was at issue was "the opportunity to observe together and ask questions or ask that the factfinder ask questions with respect to the core issues." Tr. 73:19-21. Additionally, the Court noted that "credibility determinations are being made by the investigators without the benefit of real-time cross-examination that may consist of questions that are asked by the parties, to be asked by the factfinder." Tr. 74:9-13. The Honorable Judge Woodlock held that "fair process directs that when credibility of a central issue in a case such as this is presented, the process has to enable the factfinder to evaluate the credibility of the respective claims by a real-time process at which both of the respective parties are present and have the opportunity to suggest questions." Tr. 76:6-11. The First Circuit vacated the preliminary injunction and directed that, with respect to private schools, this issue of basic fairness should not be addressed by a federal court, but by the state. 942 F.3d at 529.

This Court's reasoning, that the due process holding in *Haidak v. Univ. of Mass.-Amherst*, 933 F.3d 56, 69 (1st Cir. 2019), would inform what basic fairness requires of private schools, is in line with the conclusions of other courts throughout the country, and in conformity with the soon to be issued OCR Proposed Regulations, that fundamental fairness, whether as matter of constitutional due process or state contractual fairness, requires the opportunity for parties to put questions to each other in discipline cases involving credibility determinations.

Other federal district courts and state courts have determined that some type of cross-examination must be afforded, specifically in a private school setting. In *Doe v. Allee,* where Plaintiff brought an action against a private university, the Court found that fundamental fairness requires cross-examination of both adverse witnesses and the accuser/accused. *Doe v. Allee*, 30 Cal. App. 5th 1036, 1061, 1066 (Cal. Ct. App. 2019) (highlighting that when "a student faces serious discipline for the alleged sexual misconduct" with credibility at the core of the charge, "fundamental fairness requires that the university must at least permit cross-examination of adverse witnesses at a hearing in which the witnesses appear" and "where credibility is central to a university's determination, a student accused of sexual misconduct has a right to cross-examine his accuser, directly or indirectly, so the fact finder can assess the accuser's credibility"). Further, the *Allee* Court highlighted that observing the demeanor is of great importance to the trier of fact and the accused, alike. *Id.* Similarly, in *Doe v. Claremont McKenna Coll.*, the Court found that the accused student is permitted to question the complainant, and the "complaining witness must be before the finder of fact either physically or through videoconference…to enable the finder of fact to assess the…credibility in responding to its own questions or those proposed by the accused student. *Doe v. Claremont McKenna Coll.*, 25 Cal. App. 5th 1055, 1070 (Cal. Ct. App.2018).

Additionally, the question at issue may be determinative of the pending causes of action before this Court. Plaintiff Doe asserts in his Amended Complaint [ECF No. 52] the lack of real-time cross-examination of the Complainant and other witnesses during the Investigation. This Court found the issue to be so significant as to warrant the granting of a preliminary injunction based on a likelihood of success on the merits. The First Circuit's reversal explicitly stated that a federal district court should not "base its ruling on a prediction of future developments in Massachusetts contract law." 942 F. 3d 529. Given the First Circuit's reasoning, certification of

the question to the S.J.C. is the proper means of obtaining the answer to the question of state law at issue.

The most important factor in a motion for certification is that the state law question is difficult, and not one on which the course state courts would take is reasonably clear. *Bi–Rite Enters. v. Bruce Miner Co.*, 757 F.2d 440, 443 n. 3 (1st Cir. 1985). Without doubt, the question at issue is a difficult question of state law, and one on which rapidly developing case law in other jurisdictions increasingly points to the importance of real-time questioning for basic fairness at public *and* private schools.

Although there has not yet been a trial in this case, the relevant facts are already available from BC's disciplinary proceeding, and the factual record is sufficiently developed. *See U.S. v. Sawyer*, 878 F. Supp. 279, 294 (D. Mass. 1995) ("The rule governing certification requires a description of the facts showing the full nature of the controversy.").

### IV.     **Final Judgement**

In response to this Court's request for how to bring this case to final judgment, Plaintiff Doe seeks several options. First and foremost, settlement discussions between the parties have taken place and Plaintiff is ready and willing to continue to resolve this matter. Plaintiff will also seek an expedited briefing schedule should the question be certified to the S.J.C., and, subsequently, an expedited trial track in this Court, in order to speedily bring the case to final judgment. Moreover, Plaintiff will engage in the litigation process, including discovery, dispositive motions, and subsequent trial, to bring the case to final judgment, accordingly.

### V.     **Conclusion**

Given the First Circuit's indication that the only possible court that may answer the state law question at issue in favor of Plaintiff is a state court and the present need for correct resolution

of the pending cause, Plaintiff proposes certification of the question, specifically, whether basic fairness, implied in the contract between a student and a college or university, requires an opportunity for parties in a college or university disciplinary process, to have their questions put to each other and witnesses in real time, even if only through a neutral person, particularly in matters that involve credibility determination, such as the Title IX investigatory setting. Additionally, the Plaintiff sets forth several suggestions to expeditiously bring this case to a final judgment.

**Dated: January 7, 2020**
       **Boston, Massachusetts**

                                              **Respectfully submitted,**

                                              **NESENOFF & MILTENBERG, LLP**
                                              *Attorneys for Plaintiff John Doe*

                                              **By:** */s/ Regina M. Federico*
                                              **Andrew T. Miltenberg, Esq.** *(pro hac vice)*
                                              **Stuart Bernstein, Esq.** *(pro hac vice)*
                                              **363 Seventh Avenue, Fifth Floor**
                                              **New York, New York 10001**
                                              **(212) 736-4500**
                                              **amiltenberg@nmllplaw.com**
                                              **sbernstein@nmllplaw.com**

                                              **Tara J. Davis, Esq. (BBO #675346)**
                                              **Regina M. Federico, Esq. (BBO #700099)**
                                              **101 Federal Street, Nineteenth Floor**
                                              **Boston, Massachusetts 02110**
                                              **(617) 209-2188**
                                              **tdavis@nmllplaw.com**
                                              **rfederico@nmllplaw.com**

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

Plaintiff, through his undersigned counsel, conferred with counsel for the Defendants, at the request of the Honorable Judge Woodlock [ECF No. 62], concerning the content of the question, however, the Parties were unable to reach an agreement.

*/s/ Regina M. Federico*
Regina M. Federico

**CERTIFICATE OF SERVICE**

I, Regina M. Federico, hereby certify that this document filed through the ECF system will be sent electronically to the registered parties as identified on the Notice of Electronic Filing (NEF) on January 7, 2020.

*/s/ Regina M. Federico*
Regina M. Federico