# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JOHN DOE,

     Plaintiff

    v.

TRUSTEES OF BOSTON COLLEGE,

    Defendant

Civil Action No:  1:19-cv-11626-DPW

## DEFENDANT'S PROPOSAL REGARDING QUESTIONS FOR CERTIFICATION

Boston College ("BC") continues to maintain that there is no proper basis for certifying any question in this case to the Supreme Judicial Court, for the reasons set forth in Defendant's Proposal for Bringing the Case to Final Judgement (Dkt. No. 72).[1]  BC also maintains that if certification could be appropriate in this case, it should occur only on the basis of a properly developed factual record, *i.e.*, in connection with BC's planned motion for summary judgment, as BC argued at the hearing on January 9, 2020.[2]  Nevertheless, if the Court decides to proceed with certification at this juncture, BC proposes that those questions take the form(s) set forth just below.  BC also respectfully requests that the Court stay the entry of any order on certification pending disposition of BC's application to the First Circuit for a writ of mandamus, which BC would seek on an expedited basis.

---

[1] In addition to the authorities cited therein, *see Blasband v. Rales*, 979 F.2d 324, 328 (3d Cir. 1992) (issuing writ of mandamus to district court for certifying a question already decided by the Court of Appeals); *Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003) ("when a panel of [the Court of Appeals] has rendered a decision interpreting state law, that interpretation is binding on district courts in this circuit, and on subsequent panels of this Court, unless an intervening decision of the state's highest court has resolved the issue."); *Sumner v. Mortg. Elec., Reg. Sys.*, No. CIV.A. 11-11910-DJC, 2014 WL 250355, at *3 (D. Mass. Jan. 22, 2014) ("The First Circuit has not absolved its district courts of the obligation to follow its own interpretations of state law").

[2] *See Bergeson v. Franchi*, 783 F. Supp. 713, 719 (D. Mass. 1992) (certification was improper where the court had "only the complaint and the answer on which to rely" important facts remained in dispute); *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 418 Mass. 737, 738, 640 N.E.2d 1101, 1102 (1994) (SJC is justified in declining to answer certified questions on a record which is "sketchy" and "leaves unresolved … factual questions in dispute between the parties"); *Canal Elec. Co. v. Westinghouse Elec. Corp.*, 406 Mass. 369, 372, 548 N.E.2d 182 (1990) (certified questions should be accompanied "by sufficient nonhypothetical, evidentiary facts").

**Proposed Form of Questions**

1.     Where a private university in Massachusetts has adopted the attached procedures for addressing complaints of sexual misconduct involving its students and, in accordance with those procedures,

- a complaint of sexual misconduct was investigated by two investigators who were specifically trained in sexual misconduct investigations,

- the accused student (the "respondent") received notice of the allegations against him and additional details about the complainant's allegations throughout the course of the investigation, including during his interviews by the investigators,

- throughout the investigation the respondent had the opportunity to submit written statements, offer evidence, identify witnesses who might be helpful to his defense of the allegations against him, and suggest questions to be asked of the complainant and other witnesses,

- the accused student throughout the investigation had the assistance of counsel,

- the investigators conducted multiple interviews of both the complaining student and the respondent, during which they probed the accounts offered by each student, asked questions based upon the accounts and arguments of the other student, and assessed the credibility of each of them,

- the respondent had the opportunity to review and comment on summaries of his interviews that the investigators prepared,

- the investigators interviewed 16 other students, in addition to the complainant and the respondent and collected other relevant evidence,

- the investigators prepared a binder of all the evidence they collected, including summaries of all the interviews with the complainant, the respondent, and other witnesses, which was made available to the complainant, the respondent, and counsel for the respondent,

- the respondent submitted a lengthy response to the evidence binder, which included, among other things, detailed arguments about the complainant's account of the events at issue as well as her credibility, and

- after reviewing all of the evidence, including the respondent's statements and his comments on the evidence binder, the investigators completed their report, including their factual findings,

does "basic fairness" prohibit the university from finding the respondent responsible for sexual misconduct because the procedures the university chose to adopt did not require that the complaining student and any other percipient witness whose credibility was material to the outcome be subjected to cross-examination in a setting such that the respondent could observe the cross-examination in real time and suggest further questions to be asked of the complaining student or other witness?

2.      Where a private university in Massachusetts has adopted the attached procedures for addressing complaints of sexual misconduct involving its students; the procedures provide that the investigators' final report will be "reviewed and approved" by two university officials; although not stated explicitly in the procedures, the "review" in fact consists of a review of whether the investigators complied with the university's procedures and  whether the report supports the investigators' findings, has the university violated "basic fairness" because the procedures do not state explicitly what "review and approval" means?

TRUSTEES OF BOSTON COLLEGE,

/s/Elizabeth H. Kelly
Daryl J. Lapp (BBO No. 554980)
    daryl.lapp@lockelord.com
Elizabeth H. Kelly (BBO No. 672277)
    liz.kelly@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA  02199
January 29, 2020                           617.230.0100

**Certificate of Service**

I certify that on January 29, 2020, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

/s/ Elizabeth H. Kelly
Elizabeth H. Kelly