UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JOHN DOE,** | : |
| | : |
| | : |
| **Plaintiff,** | : |
| | : Civil Action No: 1:19-cv-11626-DPW |
| | : |
| -against- | : |
| | : |
| | : |
| **TRUSTEES OF BOSTON COLLEGE,** | : |
| | : |
| | : |
| **Defendants.** | : |

**PROPOSAL OF QUESTIONS FOR CERTIFICATION TO THE
<u>MASSACHUSETTS SUPREME JUDICIAL COURT</u>**

Plaintiff John Doe ("Plaintiff"), by his attorneys Nesenoff & Miltenberg, LLP, proposes the questions contained herein for certification to the Massachusetts Supreme Judicial Court ("SJC"), permitted by SJC Rule 1:03.

**I.     <u>Question Regarding Real-Time Questioning</u>**

First, (a) whether basic fairness, implied in the contract between a student and a college or university, requires that in a college or university disciplinary process that involves credibility determinations, such as the Title IX investigatory setting, the parties must have an opportunity to suggest questions to be asked of percipient witnesses, including parties and non-parties, in real time, either in person or through video conference technology, even if only through a neutral person; and, (b) whether such a requirement applies equally or differently to private and public colleges and universities.

## II. Question Regarding Post-Investigation Process

Second, (a) whether basic fairness, implied in the contract between a student and a college or university, requires that in a college or university disciplinary process, such as the Title IX investigatory setting, an investigator's findings be reviewed by a neutral person independent of the investigator, prior to the issuance of the report's findings and potential sanctions; (b) what is the appropriate standard to be applied in such a review; and (c) whether such requirement and standard apply equally or differently to public and private colleges and universities.

## III. Conclusion

Plaintiff Doe proposes that the preceding questions be submitted for certification to the SJC.

**Dated: January 29, 2020**
**Boston, Massachusetts**

**Respectfully submitted,**

**NESENOFF & MILTENBERG, LLP**
*Attorneys for Plaintiff John Doe*

**By: */s/ Regina M. Federico*
Andrew T. Miltenberg, Esq. *(pro hac vice)*
Stuart Bernstein, Esq. *(pro hac vice)*
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com**

**Tara J. Davis, Esq. (BBO #675346)
Regina M. Federico, Esq. (BBO #700099)
101 Federal Street, Nineteenth Floor
Boston, Massachusetts 02110
(617) 209-2188
tdavis@nmllplaw.com
rfederico@nmllplaw.com**

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

Plaintiff, through his undersigned counsel, conferred with counsel for the Defendant on January 24, 2020 concerning the content, however, the Parties were unable to reach an agreement.

*/s/ Regina M. Federico*
Regina M. Federico

**CERTIFICATE OF SERVICE**

I, Regina M. Federico, hereby certify that this document filed through the ECF system will be sent electronically to the registered parties as identified on the Notice of Electronic Filing (NEF) on January 29, 2020.

*/s/ Regina M. Federico*
Regina M. Federico