# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **JOHN DOE,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No:  1:19-cv-11626-DPW** |
| | : | |
| **-against-** | : | |
| | : | |
| | : | |
| **TRUSTEES OF BOSTON COLLEGE,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S PROPOSED DISCOVERY PLAN

Plaintiff John Doe ("Plaintiff" or "Doe"), by his attorneys Nesenoff & Miltenberg LLP submits this discovery plan for the Court's consideration. This case arises from the actions taken and procedures employed by Defendant Trustees of Boston College ("Defendant" or "BC")[1], and their employees and/or agents while investigating allegations made against Plaintiff John Doe by fellow BC student, Jane Roe. During the course of the investigation, Defendant interviewed witnesses and parties, reviewed material, and made credibility determinations that ultimately led to the suspension of Plaintiff Doe for two semesters from BC.

Plaintiff Doe alleges that Defendant improperly breached their obligations to him in the manner in which they conducted their proceedings against him. Defendant denies Plaintiff Doe's allegations. Pursuant to the Court's Order that the Parties propose a discovery plan proportional to the remaining issues identified by the Court, Plaintiff proposes the following:

---

[1] Plaintiff John Doe and Defendant Trustees of Boston College are jointly referred to as the "Parties".

I.    **WITNESSES**

Plaintiff agrees with the witnesses named in Defendant's Proposed Discovery Plan, reproduced below. Def.'s Proposed Disc. Plan ("Def.'s Plan") 1-2, ECF No. 79.

| | |
|---|---|
| Jennifer Davis, Jen Davis LLC | Co-Investigator of Roe's complaint |
| Kristen O'Driscoll, Assistant Dean of Students | Co-Investigator of Roe's complaint |
| Corey Kelley, Associate Dean of Students, Director, Office of Student Conduct | Reviewed and approved the investigation report |
| Melinda Stoops, Associate Vice President for Student Affairs and Student Title IX Coordinator | Reviewed and approved the investigation report |
| Joy Moore, Vice President for Student Affairs | Appeal Officer |
| John Doe | Respondent |
| Roommate 1 | Witness |

Additionally, Plaintiff identifies the following witness that is likely to have relevant information:

| | |
|---|---|
| Jocelyn Fisher Gates | Received Plaintiff Roe's complaint. Encouraged and accompanied Plaintiff Roe to a subsequent meeting about her complaint with another BC administrator. |

To supplement the named witnesses above, Plaintiff also requests information from the employees of the Office of Student Conduct, and BC, on the following subjects:

1.  Plaintiff Doe's investigation.

2.  The finding of responsibility of, and imposition a sanction upon, Plaintiff Doe.

3.  The decision to deny Plaintiff Doe's appeal.

4.  The complaint against Plaintiff Doe and any meetings conducted prior to or in conjunction with the aforementioned complaint.

5. Statistical and historical information related to Title IX complaints, investigations, findings, sanctions, and appeals from 2011 to present, as detailed in Section II(A)(13)-(15) *infra.*

6. Training for Title IX investigations, including materials and decisions regarding training programs from 2011 to present, as detailed in II(A)(11)-(12) *infra.*

## II.   DISCOVERY

### A.   Discovery Topics

Plaintiff Doe requests discovery on the subjects, materials, and documents identified below:

1. Jane Roe's complaint and meeting prior to the complaint.

2. The investigation file and evidence binder.[2]

3. All non-privileged documents concerning the complaint, investigation, adjudication, internal review, finding of responsibility, sanction, and appeal of Roe's complaint, conducted by Defendant and/or their agents, against Doe.

4. All items, either in physical or electronic form, provided to Defendant by Jane Roe, or provided to Defendant on Jane Roe's behalf.

5. Transcripts, summaries, recordings, and reports of all interviews conducted during Plaintiff Doe's Title IX investigation.

6. The decision to find Plaintiff Doe responsible for the charge Defendant found him responsible for.

7. The decision to sanction Plaintiff Doe.

8. The decision to deny Plaintiff Doe's appeal.

---

[2] Defendant proposed to produce these documents in their Proposed Discovery Plan. Def.'s Plan 2, ECF No. 79.

9. Communications between and among Defendant and/or agents of Defendant relating to or concerning the meeting prior to the Title IX investigation, the Title IX investigation, and disciplinary proceedings, including appeal, against Plaintiff Doe.

10. The terms of all of Plaintiff Doe's contracts with Defendant.

11. Training for Title IX investigations, including materials and decisions regarding training programs, frequency of training, and the identities of the trainers, from 2011 to present.

12. The requirements for Title IX investigations and disciplinary proceedings at BC.

13. Statistical and historical information concerning the complainant, respondent, adjudication, complaint, investigation, internal reviews, findings of responsibility, sanction imposition, appeal review, cognizable standards employed, and outcome of Title IX complaints at BC, from 2011 to the present.

14. The conduct of other Title IX investigations, specifically related to sexual assault and consent, and subsequent disciplinary proceedings, and their outcomes, at BC, from 2011 to present.

15. The conduct and outcomes of other appeals in the course of Title IX disciplinary proceedings at BC, from 2011 to present.

16. A copy of Plaintiff Doe's academic and disciplinary files maintained by Defendant BC.

The Parties will seek expert opinions, including depositions and reports, if necessary, after any dispositive motions, per Judge Woodlock's instruction. Tr. of Hr'g 32:17-23, ECF No. 76.

**B.  <u>Plaintiff's Production of Documents</u>**

The Plaintiff will produce the following documents, as identified by Defendant. Def.'s Plan 2, ECF No. 79.

1. All non-privileged documents constituting or relating to any statements by or communications with Roommate 1 about the events at issue.

2. All non-privileged documents and communications concerning the investigation, adjudication, sanction, and appeal.

**C. <u>Discovery Limits</u>**

Unless altered by subsequent agreement of the Parties or court order, and pursuant to Local Rule 26.1(c), Plaintiff requests discovery be limited to:

1. <u>Written Discovery</u>:

    a. <u>Admissions</u>: Plaintiff agrees with Defendant that each party may serve up to twenty-five (25) requests for admission. Def.'s Plan 2, ECF No. 79.

    b. <u>Interrogatories</u>: Plaintiff requests that the Parties exchange twenty (20) interrogatories.

    c. <u>Requests for Documents</u>: Plaintiff requests that written discovery be limited to twenty-five (25) requests for production. Additionally, the Parties will determine the best form of transmitting production requests on a rolling basis.

    d. <u>Additional Discovery</u>: Plaintiff agrees with Defendant that in the event that the Parties believe that additional items of discovery are warranted, the Parties will confer in good faith. Def.'s Plan 3, ECF No. 79. Should the Parties be unable to agree, the Court will consider additional requests for specific items of discovery upon a showing of need and proportionality in connection with the remaining claims. *Id.*

2. <u>Depositions</u>: Plaintiff requests to depose the witnesses identified above by name and those that possess the information on the areas highlighted. Plaintiff will identify the

other appropriate witnesses after receiving productions from the Defendant, to properly limit the number of depositions. The Parties will seek expert opinions, including depositions, if necessary, after any dispositive motions, per Judge Woodlock's instruction. Tr. 32:17-23, ECF No. 76.

## III.   DEADLINES

Plaintiff agrees with the deadlines proposed by Defendant, with additional supplements for requests for production and interrogatories, emphasized below. Def.'s Plan 3, ECF No. 79.

| | |
|---|---|
| Documents listed above shall be produced: | March 20, 2020 |
| *Interrogatories[3]:* | *March 20, 2020* |
| *Requests for production[4]:* | *March 20, 2020* |
| Requests for admissions served: | May 1, 2020 |
| Fact depositions completed: | May 13, 2020 |
| Motions for summary judgment served: | June 10, 2020 |

## IV.   CONFIDENTIALITY

Plaintiff agrees with Defendant that the Parties will submit a separate confidentiality order for Judge Woodlock's approval. Def.'s Plan 3, ECF No. 79. This submission will occur prior to the deadline for requests for production.

## V.   PRIVILEGE CLAIMS

Plaintiff recognizes that the Parties may inadvertently disclose privileged materials in the course of litigation. To mitigate the damage that may be caused by inadvertent disclosure of

---

[3] Objections and responses are due within thirty (30) days after the request is served.
[4] Objections and responses are due within thirty (30) days after the request is served.

privileged materials, Plaintiff agrees with Defendant that the Parties will submit a separate confidentiality order for Judge Woodlock's approval. Def.'s Plan 3, ECF No. 79.

Plaintiff agrees that the Parties will disclose a privilege log with any responsive information that they withheld from production based on privilege or work product. Def.'s Plan 3, ECF No. 79. Additionally, the Parties will describe in the privilege log the nature of the information withheld, as required by FRCP (26)(b)(5)(A), so that the opposing party can assess the privilege claim. *Id.* Plaintiff agrees with Defendant that communications with the Parties' legal counsel do not need to be logged after the date the complaint was filed. *Id.*

### VI. MAGISTRATE JUDGE

Plaintiff Doe does not consent to the jurisdiction of a United States Magistrate Judge.

**Dated: January 29, 2020**
**Boston, Massachusetts**

**Respectfully submitted,**

**NESENOFF & MILTENBERG, LLP**
***Attorneys for Plaintiff John Doe***

By: */s/ Regina M. Federico*
**Andrew T. Miltenberg, Esq. (*pro hac vice*)**
**Stuart Bernstein, Esq. (*pro hac vice*)**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**
**amiltenberg@nmllplaw.com**
**sbernstein@nmllplaw.com**

**Tara J. Davis, Esq. (BBO #675346)**
**Regina M. Federico, Esq. (BBO #700099)**
**101 Federal Street, Nineteenth Floor**
**Boston, Massachusetts 02110**
**(617) 209-2188**
**tdavis@nmllplaw.com**
**rfederico@nmllplaw.com**

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

Plaintiff, through his undersigned counsel, conferred with counsel for the Defendant on January 24 and 27-28, 2020 concerning the content, however, the Parties were unable to reach an agreement.

/s/ Regina M. Federico
Regina M. Federico

**CERTIFICATE OF SERVICE**

I, Regina M. Federico, hereby certify that this document filed through the ECF system will be sent electronically to the registered Parties as identified on the Notice of Electronic Filing (NEF) on January 29, 2020.

/s/ Regina M. Federico
Regina M. Federico